TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0365-KB

IN RE: ERIC SHANE GRINNELL                 MOVANT

IN SUPREME COURT

## OPINION AND ORDER

Eric Shane Grinnell was admitted to the practice of law in the Commonwealth of Kentucky on April 20, 2011. His Kentucky Bar Association (KBA) number is 94044, and his last known bar roster address is 108 Whispering Wood Drive, Richmond, Kentucky, 40475. Grinnell seeks reinstatement of his license pursuant to the Rules of the Supreme Court (SCR) 3.502. Having reviewed the record and considered the findings of the Character and Fitness Committee (Committee) of the Kentucky Office of Bar Admissions (KYOBA), we agree and grant Grinnell's application for reinstatement, with conditions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Now more than five years ago, this Court found Grinnell in violation of fifty-three counts of the Rules of Professional Conduct across fourteen consolidated cases. *Grinnell v. Kentucky Bar Ass'n*, 602 S.W.3d 784, 794 (Ky. 2020). We adopted the parties' negotiated sanction and ordered Grinnell be suspended from the practice of law for two years with one year to serve and one year conditionally probated for two years. *Id.*

Grinnell's reinstatement required he: (1) complete an Ethics and Professionalism Enhancement Program (EPEP) offered by the Office of Bar Counsel (OBC); (2) enroll in the Kentucky Lawyer Assistance Program (KYLAP) within ten days of the order, and provide quarterly compliance reports; (3) complete a law office management course within one year of the order; (4) refund all $26,440 in unearned fees to his clients within two years of the order; (5) pay all associated court costs; and (6) above all, receive no further charges of misconduct for the duration of his suspension. *Id.* This Court then extended Grinnell's suspension until July 2022 after learning that Grinnell violated two conditions of his negotiated sanction; namely, an additional charge of misconduct in 21-DIS-0083 and failure to attend the law office management course. *Grinnell v. Kentucky Bar Ass'n*, 638 S.W.3d 429 (Ky. 2022). Grinnell subsequently and timely attended the course, and the Inquiry Commission withdrew its charge and issued a private admonition.

On March 27, 2024, Grinnell applied for reinstatement with the KBA Disciplinary Clerk. SCR 3.502(1), (2). The OBC investigated after the Inquiry Commission deemed Grinnell's application was complete. SCR 3.502(5). For whatever reason, this step took nearly one year. On February 11, 2025, an email exchange confirmed that neither party sought a formal hearing. Ten days later, the Committee received the record, including investigative materials, from the KBA. SCR 3.502(6). Grinnell submitted supplemental materials to the Committee on March 6, 2025, and April 1, 2025. Committee Chair, David Sloan, and fellow member, G.L. Ovey, Jr., then reviewed Grinnell's

2

reinstatement application, including all supplemental materials, this Court's associated file, and the KBA disciplinary record.

On May 20, 2025, the two Committee members conducted an informal interview with Grinnell; also in attendance were General Counsel to the Committee, Grinnell's counsel, Deputy Bar Counsel, and Deputy Director of KYOBA. Subsequent to that informal interview and upon the Committee's request, Grinnell submitted additional supplemental materials. On June 17, 2025, the two Committee members discussed the Grinnell matter with the full Committee and the nine-member Committee unanimously voted to conditionally reinstate Grinnell. On August 29, 2025, the KBA and Mr. Grinnell filed a joint agreed recommendation to reinstate his license.

## II. ANALYSIS

SCR 3.503(1) requires Grinnell "prove by clear and convincing evidence that he[] possesses the requisite character, fitness and moral qualifications for re-admission to the practice of law." Pursuant to SCR 3.503, this Court will consider a non-exhaustive list of issues regarding Grinnell's reinstatement. *Id.*

We first consider "[t]he nature of the misconduct for which [Grinnell] was suspended." SCR 3.503(1)(a). Grinnell's suspension chiefly stemmed from his failure to perform work for which he had accepted fees, to timely communicate with his clients, and to return unearned fees. *Grinnell*, 602 S.W.3d at 785-94.

We next consider whether Grinnell has fully complied with "every term" of his suspension order and the subsequent extension order. SCR 3.503(1)(b). The record shows Grinnell violated two of his reinstatement conditions.

3

Therefore, this Court is inclined to find this issue unsatisfied. However, Grinnell subsequently and timely satisfied one condition after this Court extended his suspension order. Then, Grinnell returned all unearned fees and paid all associated court costs; completed an EPEP on April 20, 2022; completed a law office management course on November 27, 2022; dutifully participated in KYLAP; and received no further charges of professional misconduct since the 2022 extension, satisfying the other condition which engendered the 2022 extension order. He even apologized to all his past clients he had wronged. Thus, although Grinnell violated two conditions in his initial suspension order, he has since fully complied with "every term" of his subsequent extension order.

We next consider whether Grinnell's conduct under suspension shows that he is worthy of public trust and confidence. SCR 3.503(1)(c). Grinnell was suspended for two years, extended until July 2022. During this time, Grinnell mostly complied with the terms of his suspension order and began taking steps to address both his mental and physical health. Grinnell's mentors even positively remarked on his "conscientious, client focused, and professional" work ethic he demonstrated while providing their firm paralegal services. The Committee was satisfied with Grinnell's conduct during his suspension, and we are inclined to agree with the Committee's finding.

We next consider whether Grinnell "possesses sufficient professional capabilities to serve the public as a lawyer." SCR 3.503(1)(d). Attorneys Pete Roush and Kash Stilz of Roush and Stilz law firm in northern Kentucky have

4

jointly agreed to mentor, monitor, and oversee Grinnell for two years following his reinstatement to help prevent Grinnell from repeating the same mistakes. Furthermore, Grinnell is aware that his mentors will contact the Deputy Bar Counsel for further proceedings if he deviates from his agreement with Roush and Stilz. Thus, we are satisfied that Grinnell possesses sufficient professional capabilities to serve as a lawyer.

We next consider whether Grinnell "presently exhibits good moral character." SCR 3.503(1)(e). Grinnell included multiple personal and professional references to vouch for his present good character within his reinstatement application. We are satisfied that Grinnell has good moral character.

We next consider whether Grinnell "appreciates the wrongfulness of his[] prior professional misconduct . . . and has rehabilitated himself[] from past derelictions." SCR 3.503(1)(f). During his suspension, Grinnell not only took steps to return all unearned fees to his clients but also apologized for his past misconduct. Additionally, Grinnell intends to work very closely with his mentors to prevent repeating these violations. Thus, Grinnell has clearly and convincingly shown that he appreciates the wrongfulness of his misconduct and has taken the necessary steps to rehabilitate himself.

Lastly, we consider the tripartite of Grinnell's "previous and subsequent conduct and attitude toward the courts and the practice of law," how long he has been suspended, and his candor during the reinstatement process, "including whether [Grinnell] has timely and completely provided required

information and supplemented his[]" reinstatement application. SCR 3.503(1)(g)-(i). Grinnell has not practiced law in the Commonwealth for five years, longer than this Court's imposed suspension. Moreover, Grinnell fully participated in his reinstatement process and timely responded to all requests for supplemental information. And Grinnell appears to have exercised candor regarding his past misconduct in his reinstatement application.

## III.    CONCLUSION

Therefore, pursuant to SCR 3.503, it is hereby ORDERED that Eric Shane Grinnell's application for reinstatement to the practice of law in the Commonwealth of Kentucky is granted subject to the following recommendations from the Committee:

1) Attorneys Pete Roush and Kash Stilz of Roush and Stilz in northern Kentucky will mentor, monitor, and provide agreed oversight to Grinnell. Should they be unable or unwilling to complete the term of mentorship noted, substitute mentors may be used.

2) This mentorship will last for twenty-four months from the date of Grinnell's reinstatement.

3) The status of this mentorship will be updated via quarterly written reports during this twenty-four-month conditional admission period. These reports will be sent to OBC and to General Counsel for the Committee.

4) Should Mr. Grinnell fail to cooperate with the mentorship process, or should the report include issues or concerns related to Grinnell's practice of law, the Office of Bar Counsel may extend the term of the conditional admission, add conditions to his conditional admission, or move this Court to revoke Grinnell's license to practice law, pursuant to SCR 3.503.

All sitting. Lambert, C.J.; Conley, Goodwine, Keller, Nickell and Thompson, JJ., concur. Bisig, J., dissents by separate opinion.

BISIG, J., DISSENTING: I respectfully dissent, as I conclude Grinnell has not yet satisfied the requirements for reinstatement after a period of suspension lasting for more than five years. Though the original term of Grinnell's suspension was only two years, SCR 3.503(6) provides that where a suspension "has *prevailed* for more than five (5) years," reinstatement may be granted only if the applicant first takes and passes an examination administered by the Board of Bar Examiners. (Emphasis added). Notably, this plain language does not consider the *term* of the suspension originally imposed, but rather the *length of time* the suspension has been in place. One evident purpose of this requirement is to ensure that an applicant who has been away from the practice of law for such a significant amount of time nonetheless remains competent in the knowledge and practice of the law—including any developments in the law that have occurred during the period of suspension. Here, Grinnell was suspended from the practice of law on July 9, 2020, and thus his period of suspension has now prevailed for more than five years.

7

Accordingly, because I would construe SCR 3.503(6) to require that Grinnell first pass an examination before we may grant reinstatement, I dissent.

ENTERED: OCTOBER 23, 2025.


_Debra Hembree Lambert_
CHIEF JUSTICE

8